UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WAYNE BONILLA<br>CDCR #J-48500,<br>　　　　　　　　　　Plaintiff,<br>vs.<br>CYNTHIA BASHANT, et al.,<br>　　　　　　　　　　Defendants. | Case No.: 3:18-cv-02061-GPC-WVG<br><br>**ORDER DISMISSING CIVIL ACTION:**<br><br>**1) FOR FAILURE TO PAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a)**<br><br>**AND**<br><br>**2) FOR FAILURE TO STATE A CLAIM AND AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915A(b)(1), (2)** |

　　　STEVEN WAYNE BONILLA ("Plaintiff"), currently incarcerated at San Quentin State Prison, located in San Quentin, California, and proceeding pro se, has filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983 (ECF No. 1).

　　　Plaintiff seeks to sue several judges and the Clerk of this Court for "misuse of 28 U.S.C. § 1915(g)" and for "show[ing] bias/prejudice" against his efforts to "void" his Alameda County criminal conviction and death sentence in Case No. H-12210-A based on

various allegations of prosecutorial misconduct. (*Id.* at 2-3.) Plaintiff claims Defendants have established an "underground policy of attainder" and have "collud[ed] with the prosecution" to "fraudulently imprison[]" him by being "blatantly dismissive" and entering "erroneously ruling[s]" against him. *Id.* at 5-11.[1]

## I. Failure to Pay Filing Fee or Request IFP Status

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, the Prison Litigation Reform Act's ("PLRA") amendments to § 1915 require that every prisoner who is granted leave to proceed IFP must pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires all persons seeking to proceed without full prepayment of fees to submit an affidavit that includes a statement of all assets possessed and demonstrates an inability to pay. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In support of this affidavit, prisoners must also submit a "certified copy of the trust

---

[1] The Court takes judicial notice that over the course of the last 18 years, Plaintiff has filed *more than 1,000* separate civil rights actions and habeas corpus petitions, several recently in the Southern District of California, but the vast majority of which in the Northern District of California, where Alameda County is situated, where he was convicted by jury of first degree murder with special circumstances and sentenced to death in 1992, and where he remains incarcerated. *See People v. Bonilla*, 41 Cal. 4th 313 (2007); https://pcl.uscourts.gov/pcl/pages/search/results/parties.jsf?sid=f29f4a3f9f17408e8076c92cfe63a2a0 (last visited Sept. 27, 2018); *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (Courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (citation and quotations omitted).

fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

Plaintiff did not pay the filing fee required to commence a civil action, nor has he filed a Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a)(1) and (2). Therefore, his case cannot yet proceed. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

And while the Court would typically grant him leave to file an IFP Motion, Plaintiff has abused that privilege and is precluded from doing so by 28 U.S.C. § 1915(g) unless he faced "imminent danger of serious physical injury" at the time of filing. He makes no such allegations here. *See In re Steven Bonilla*, 2012 WL 216401, at *1 (N.D. Cal. Jan. 24, 2012) (noting Plaintiff's litigation history in the Northern District of California, including the dismissal of 34 pro se civil rights actions between June 1 and October 31, 2011 alone, which were dismissed "because the allegations in [his] complaints d[id] not state a claim for relief under § 1983."); *id.* at *3 n.1 ("The Court recently informed Plaintiff that, in accordance with 28 U.S.C. § 1915(g), he no longer qualifies to proceed *in forma pauperis* in any civil rights action." (citing *In re Steven Bonilla*, Nos. C 11-3180, et seq. CW (PR), Order of Dismissal at 6:23-7:19.)); *see also Bonilla v. Hernandez*, No. 3:18-CV-978-JLS-BLM, 2018 WL 3817864, at *3 (S.D. Cal. Aug. 10, 2018) (denying Plaintiff leave to proceed IFP as barred by 28 U.S.C. § 1915(g)); *Bonilla v. Plourd*, No. 3:18-CV-0954-BAS-JLB, 2018 WL 3656105, at *3 (S.D. Cal. Aug. 1, 2018) (same).

## II. Initial Screening per 28 U.S.C. § 1915A(b)

Even if Plaintiff paid the full filing fee or were eligible to proceed IFP, however, 28 U.S.C. § 1915A, also enacted as part of the PLRA, requires sua sponte dismissal of prisoner complaints like his, or any portions of them, which are "frivolous, malicious, or fail[ ] to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b); *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1764 (2015). "The purpose of § 1915A is to 'ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (internal citation omitted). As noted above, Plaintiff seeks his "immediate" release based on claims of innocence, to vacate his Alameda County criminal conviction and death sentence, and to sue various judges and court officials for "obstructing" his efforts to do so, and "fraudulently imprisoning" him pursuant to 42 U.S.C. § 1983. *See* Compl., ECF No. 1 at 10-12.

He may do neither.

First, to the extent he seeks to challenge the validity of his conviction and sentence, a habeas corpus action is his sole federal remedy. A lawsuit under 42 U.S.C. § 1983 is inappropriate. *Preiser v. Rodriguez*, 411 U.S. 475, 479 (1973) ("Release from penal custody is not an available remedy under the Civil Rights Act"); *Nettles v. Grounds*, 830 F.3d 922, 933 (9th Cir. 2016) (en banc) ("[H]abeas corpus is the exclusive remedy to attack the legality of [a] conviction or sentence...."), *cert. denied*, 137 S. Ct. 645 (U.S. Jan. 9, 2017) (No. 16-6556); *cf. Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) ("§ 1983 remains available for procedural challenges where success in the action would not necessarily spell immediate or speedier release for the prisoner ... habeas remedies do not displace § 1983 actions where success in the civil rights suit would not necessarily vitiate the legality of (not previously invalidated) state confinement.").

Second, to the extent Plaintiff contends several judges and the clerk of this Court have "obstructed justice" and committed "crimes against humanity" by dismissing his prior complaints and petitions, *see* Compl., ECF No. 1 at 10-11, his claims must also be

dismissed pursuant to 28 U.S.C. § 1915A(b)(2) because judges and court administrators fulfilling those functions are absolutely immune. *See Chavez v. Robinson*, 817 F.3d 1162, 1167-68 (9th Cir. 2016) (noting that 28 U.S.C. § 1915(e)(2)(B)(iii) requires the court to dismiss an action "at any time" if it "seeks monetary relief from a defendant who is immune from such relief."); *see also* 28 U.S.C. § 1915A(b)(2) ("On review [of a civil action filed by a prisoner seeking redress from a governmental entity or officer] the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if [it]—(2) seeks monetary relief from a defendant who is immune.").

Judges are absolutely immune from damage liability for acts which are judicial in nature. *Forrester v. White*, 484 U.S. 219, 227-229 (1988); *see also Stump v. Sparkman*, 435 U.S. 349, 355-57 (1978); *Pierson v. Ray*, 386 U.S. 547, 553-55 (1967). Judicial immunity applies to actions brought under 42 U.S.C. § 1983 for acts committed within the scope of judicial duties, "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump*, 435 U.S. at 356. "[A] judge will not be deprived of immunity because the action [s]he took was in error, was done maliciously, or was in excess of [her] authority; rather, [s]he will be subject to liability only when [s]he has acted in the clear absence of all jurisdiction." *Id.* at 356-37; *see also Forrester*, 484 U.S. at 227 (a judicial act "does not become less judicial by virtue of an allegation of malice or corruption of motive"); *Mireless v. Waco*, 502 U.S. 9, 12 (1991).

Judicial immunity also "extends to non-judicial officers for all claims relating to the exercise of judicial functions," including administrative acts that are part of the judicial process. *Curry v. Castillo (In re Castillo)*, 297 F.3d 940, 947-48 (9th Cir. 2002) (internal quotation marks and citation omitted); *see also Mullis v. U.S. Bankr. Court*, 828 F.2d 1385, 1390 (9th Cir. 1987) ("Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process.").

///

For these reasons, Plaintiff's Complaint is subject to dismissal sua sponte both for failing to state a claim upon which § 1983 can be granted, and as frivolous pursuant to 28 U.S.C. § 1915A(b)(1) and (2). *See Mainez v. Gore*, No. 3:17-CV-01359-JAH-JLB, 2017 WL 4005269, at *5 (S.D. Cal. Sept. 11, 2017) (finding § 1983 claims for monetary damages against Superior Court Judge subject to sua sponte dismissal as frivolous pursuant to 1915A(b)); *see also Mullis*, 828 F.2d at 1394 (finding claims against federal judge entitled to absolutely immunity patently frivolous); *Jones v. California State Superior Courts*, No. 1:17-CV-00232-LJO-BAM-PC, 2018 WL 2287952, at *4 (E.D. Cal. May 18, 2018) (sua sponte dismissing § 1983 claims challenging duration of confinement for failing to state a claim and without leave to amend pursuant to 28 U.S.C. § 1915A).

Therefore, leave to amend this action is denied. *See Lopez v. Smith,* 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) (en banc) (noting that if a claim is classified as frivolous, "there is by definition no merit to the underlying action and so no reason to grant leave to amend").

### III. Conclusion and Order

For the reasons explained, the Court:

(1) **DISMISSES** this civil action based on Plaintiff's failure to pay the $400 civil filing and administrative fee required by 28 U.S.C. § 1914(a);

(2) **DISMISSES** Plaintiff's Complaint for failing to state a claim and as frivolous pursuant to 28 U.S.C. § 1915A(b)(1) and (2);

(3) **CERTIFIES** that an IFP appeal in this case would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

(4) **DIRECTS** the Clerk of the Court to enter judgment accordingly and to close the file.

**IT IS SO ORDERED.**

Dated: October 1, 2018

Hon. Gonzalo P. Curiel
United States District Judge